FILED
2021 Oct-11 PM 09:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALEX JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:21-cv-00948-KOB** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## REVISED JOINT REPORT OF PARTIES' PLANNING MEETING

Pursuant to the Court's Order dated October 4, 2021 (Doc 12), Plaintiff Alex Jones and Defendant Liberty Life Assurance Company of Boston submit the following revised joint report:

1. **Synopsis of the Case and General Claims/Defenses**. The general claims and defenses of the parties are as follows:

a. Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by his employer, Arkema, Inc. to provide long-term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant. Plaintiff worked at Arkema as a Chemical Operator until his disabilities forced him to stop working on or around October 28, 2018. Mr. Jones' medical disabilities included slipped and bulging spinal discs, severe back pain which radiates into his thighs, facet osteoarthritis, as well as diabetes and arthritis. In addition, Mr. Jones suffers from tenderness, fixation edema, and muscle spasms in his cervical and lumbar spine. Plaintiff submitted a claim for disability benefits from the plan under the insurance policy and was initially

granted benefits but benefits were subsequently terminated by Defendant. Plaintiff has recently been awarded social security benefits, but said decision came after Plaintiff received his final denial. Plaintiff alleges that termination of his benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees. Plaintiff also seeks any such other further or different relief as may be just and proper under 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(g).

b. Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Defendant properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable Plan documents. Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability. Defendant also states that its claims decision was in accordance with the Plan's provisions, legally correct, and neither arbitrary nor capricious.

2. Pursuant to Fed. R. Civ. P. 26(f), conferences were held on September 16, 2021, and October 7, 2021, and were attended by Peter Burke on behalf of Plaintiff Alex Jones ("Plaintiff"), and Iwana Rademaekers on behalf of Defendant Liberty Life Assurance Company of Boston ("Defendant").

3. **Initial Disclosures**.

Plaintiff's Statement: Plaintiff agrees that Initial Disclosures do not apply.

Defendant's Statement: This action is governed by ERISA and is, therefore, exempt from the initial disclosure requirement pursuant to the plain language of Rule 26(a)(1)(B) because this is an action on an administrative record. Defendant has already produced to Plaintiff a copy of the ERISA administrative record. The parties will jointly file the administrative record on or before **November 16, 2021**.

4. **Discovery Plan. The parties propose this discovery plan**:

Plaintiff's Statement: Plaintiff is entitled to conflict of interest discovery according to Eleventh Circuit precedent. To the extent there may be gaps in the Administrative Record, Plaintiff will request leave of the Court to propound relevant, targeted discovery to fill in those gaps. Plaintiff will work with opposing counsel to come to an agreement on any relevant discovery.

Defendant's Statement: Discovery should be limited to the administrative record, subject to Eleventh Circuit precedent with respect to conflict-related discovery. The parties will work in good faith to resolve any disagreements that may arise pertaining to the limited scope of discovery in ERISA actions.

a. In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the benefit determination(s) was made and the plan documents themselves, Plaintiff may seek discovery on the following subjects:

(i.) All factual allegations and claims made by Plaintiff in her Complaint;

(ii.) All damages claimed by Plaintiff in this matter;

(iii.) All defenses raised by Defendant in this matter; and

(iv.) Conflict of interest and bias issues.

b. All discovery commenced in time to be completed by **January 12, 2022**.

c. Maximum of 25 interrogatories by each party to any other party without prior approval of the Court. Maximum of 25 requests for production by each party to any other party without prior approval of the Court. Maximum 25 requests for admission by each party to any other party without prior approval of the Court. (Responses due 30 days after service).

d. Maximum of 2 depositions by Plaintiff and 2 by Defendant without prior approval of the Court.

f. Each deposition shall be limited to 8 hours.

g. Reports from retained experts under Rule 26(a)(2) due:

(i.) from **Plaintiff** by **December 6, 2021.**

(ii.) from **Defendant** by **December 20, 2021.**

h. Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

5. **Other items.**

a. The parties do not request a conference with the Court prior to entry of the Scheduling Order.

b. The parties should be allowed until **October 11, 2021** to join additional parties and to amend the pleadings and until **October 25, 2021** to respond to any above-mentioned amendments.

c. Because this is an action governed by ERISA, the Parties agree that this case should be decided on the administrative record and cross motions for judgement to be filed by the parties, pursuant to the following proposed deadlines:

| | |
|---|---|
| **File Administrative Record:** | **November 16, 2021** |
| **Cross Motions for Judgment:** | **February 11, 2022** |
| **Responses:** | **March 4, 2022** |
| **Replies:** | **March 18, 2022** |

d. The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties fully review the administrative record.

e. An agreement by all parties could not be reached regarding consent to final dispositive jurisdiction by a magistrate judge.

Respectfully Submitted,

*/s/* Peter H. Burke

Peter H. Burke, Esq.
ASB-1992-K74P
**BURKE HARVEY LLC**
3535 Grandview Parkway
Suite 100
Birmingham, Alabama 35243
Phone: 205-930-9091
Fax: 205-930-9054
Email: pburke@burkeharvey.com

ATTORNEYS FOR PLAINTIFF

AND

*/s/Iwana Rademaekers*

**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT