FILED
2021 Nov-03 AM 11:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALEX JONES**, | ] | |
| | ] | |
| **Plaintiff(s),** | ] | |
| | ] | |
| **v.** | ] | **2:21-CV-0948-KOB** |
| | ] | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | ] | |
| | ] | |
| | ] | |
| **Defendant(s).** | ] | |

**ERISA SCHEDULING ORDER**

The court has before it the October 11, 2021, (doc. 13)**,** report of the parties' planning meeting under Rule 26(f), and discussed that report with counsel on November 2, 2021, which resulted in a joint revised proposed schedule, to which the court agreed.

**I. Pretrial Deadlines**

**A. Deadlines to Amend Pleadings**

Plaintiff may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until **October 25, 2021**. Defendant may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until **October 25, 2021.**

**B. Joint Status Report**

Counsel shall file with the court a **Joint Status Report** on **January 26, 2022**. The status report should include a synopsis of the case advising the court of the general claims and defenses of the parties, its current status, including any pending motions, and any current or anticipated problems in preparing the case for disposition. Specifically, the court should be advised of the pertinent issues

and the parties' positions as to those issues. The status report should not be used to argue the party's case, or to present all possible legal theories. Instead, the report should apprise the court of the case and current issues affecting preparation.

As part of the status report, parties should consider the prospects for settlement of this matter and shall report their efforts to do so. In addition, parties shall notify the court whether they are agreeable to submitting this case to mediation conducted by a mediator from the panel of neutrals.

**C. Status Conference**

This case is set for a Status Conference on **Tuesday, February 1, 2022, at 10:00 a.m.**, either via Video Teleconference or in the fifth floor chambers, Hugo L. Black U.S. Courthouse, Birmingham, AL. The court may, in its discretion, convene other status conferences.

By notifying chambers <u>not less than two working days</u> prior to the scheduled conference, attorneys located outside the division or district may request to participate by telephone and the court will consider such request based on the particular circumstances of the case

## II. Discovery

If either party wishes to conduct discovery beyond the administrative record, that party shall file a motion requesting same on or before **December 2, 2021**, citing appropriate authority as to why discovery should be allowed in this particular case and <u>setting forth with specificity</u> the discovery sought; any response should be filed by **seven days** thereafter. Failure to set forth the requested discovery with specificity OR to cite appropriate authority will result in the Motion being denied sua sponte.

## III. Discovery Disputes

No motions concerning discovery matters should be filed until counsel have met their

obligations to discuss the anticipated filing of such motions directly with opposing counsel and have exhausted all efforts to resolve the dispute among themselves before involving the court. The court notes that to "discuss" requires actual discussion with suggestions for genuine compromise, as opposed to mere e-mail wars of words between opposing counsel. Every discovery motion must affirmatively state all efforts to resolve the disputed matter; failure to attempt to resolve the dispute without court intervention or to affirmatively so state will result in the automatic denial of the motion.

Every discovery motion ***except*** the initial motion to conduct discovery beyond the administrative record must include a proposed resolution of the dispute. Within **three days** of receiving notice of the motion, the non-moving party(ies) must file a response that also includes a proposed resolution of the dispute. Failure to respond within **three days** will result in the granting of the motion. If a response is filed, the court will accept the most reasonable of the parties' proposals, and discovery will proceed pursuant to the terms described in the accepted proposal.

Discovery disputes will occasionally be referred to a magistrate judge for handling. Because decisions concerning discovery rest largely within the discretion of the judge, objections to a magistrate's ruling on a discovery matter should rarely be made and will rarely be granted absent a clear showing that the decision was clearly erroneous or contrary to law. See 28 USC § 636.

**IV. Final Submission**

Based upon the court's determination that such procedure is appropriate in this case, this case is set for final submission, without oral argument, on **March 18, 2022**. The parties are to simultaneously file their briefs on **February 11, 2022**, limited to thirty pages and their cross-reply briefs on **March 18, 2022** limited to twenty pages.

Either party may object to this method of final submission by filing a Motion for Trial by no later than **December 13, 2021**. The filing should indicate whether it is opposed or unopposed.

## V. Record

By **November 16, 2021** the parties are jointly to develop and electronically file with the court the Administrative Record and any other evidence–deposition excerpts, stipulations, affidavits,[1] etc.–on which they intend the court to rely. Electronic filing should comply with court rules and file size restrictions as described in the Civil Administrative Procedures Manual for CM/ECF, which can be found in the CM/ECF Info tab at www.alnd.uscourts.gov, the court's webpage. The Record should be sequentially numbered (i.e., Bates-stamped) such that the parties and the court can quickly refer to the entire Record by page number. If the Record is more than 200 pages, it should be broken down into volumes, each of which cannot exceed 5 megabytes, as required by the Civil Administrative Procedures Manual for CM/ECF. The Record should begin with a table of contents that indicates the volume and Bates page number on which each document begins. If the Record exceeds 15 pages, the parties shall also jointly submit a hard copy of the Record to the Clerk of Court for chamber use. **SUCH HARD COPY SHOULD BE DOUBLE SIDED TO CONSERVE PAPER.**

The parties shall comply with all privacy provisions described in the Civil Administrative Procedures Manual for CM/ECF and redact personal information from the filed documents.

## VI. Briefs

a. Briefs shall comply to the extent applicable with this court's requirements as stated in

[1] See Civil Administrative Procedures Manual for CM/ECF, Part II.C, with regard to electronically filing affidavits or other documents requiring an original signature.

"Appendix II" available on the court's website at www.alnd.uscourts.gov under the court information for Judge Bowdre. Courtesy copies of briefs in **Word or Word Perfect format** should be emailed to chamber's email at bowdre_chambers@alnd.uscourts.gov and must be identical to the filed version.

ALL briefs, whether on pretrial or post trial motions, must comply with the requirements of "Appendix II" as far as practicable given the nature of the particular motion, unless the court grants specific permission to deviate or the court has otherwise ordered specific deviations, such as the page limitations set out in Section IV of this Scheduling Order. Unless the motion is dispositive, parties are not required to comply with Section D.

b. When the parties refer to evidence in their briefs, they must cite the specific document, volume, and Bates-stamped page number where the evidence can be found in the Record. A brief that fails to comply with these requirements will be struck.

c. In light of this disposition without a trial, the parties are no longer to file dispositive motions (i.e., summary judgment or dismissal motions).

**VII. Nondispositive Motions**

The court shall promptly dispose of nondispositive motions. Without prior notice, it may summarily dispose of perfunctory and/or other motions where the facts and law appear to be clear. Therefore, **when served with a motion, any party who wishes to oppose it should immediately telephone the court's chambers and so advise**. Opposing briefs and documents shall follow within **three days** after the motion is filed if notice is first given to the court of an intent to file opposition.

**DONE** and **ORDERED** this 3rd day of November, 2021.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE