FILED
2021 Nov-16 AM 11:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

Lincoln Financial Group®

Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-3598

| | |
|---|---|
| Date: | January 30, 2020 |
| To: | MR. GREGORY MCKAY<br>MCKAY LAW<br>PO BOX 321363<br>BIRMINGHAM AL 35212 |
| Attn: | |
| Fax: | (205) 224-5755 |
| From: | Janelle Paine<br>Appeals Consultant<br>Phone No.: Phone No.: (888) 437-7611<br>Secure Fax No.: (603) 334-3598 |
| Total Pages<br>(Including Cover): | 8 |
| RE:<br><br>Claim #: 8764447<br>Claimant: Alex Jones<br><br>Arkema Inc. | |

Important
Effective September 1, 2019, Liberty Life Assurance Company of Boston changed its name to Lincoln Life Assurance Company of Boston. Please be aware that in the near future you will receive an Endorsement that must be attached to your policy upon receipt.

Importante
Vigente a partir del 1.º de septiembre de 2019, Liberty Life Assurance Company of Boston cambió su nombre a Lincoln Life Assurance Company of Boston. Tenga en cuenta que en el corto plazo recibirá un Endoso que debe adjuntarse a su póliza una vez recibido.

This fax, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this fax, you are hereby notified that any dissemination, distribution or copying of this fax, and any attachments thereto, is strictly prohibited. If you have received this fax in error, please notify me by telephone at (888) 437-7611 and permanently shred the original and any copy of any fax and any printout thereof.

EXHIBIT
2

Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-3598

January 30, 2020

Mr. Gregory J. McKay
McKay Law
PO BOX 321363
BIRMINGHAM, AL 35212

RE: Long Term Disability (LTD) Benefits
Arkema Inc.
Claim #: 8764447
Claimant: Alex Jones

Dear Mr. Gregory McKay:

Lincoln Life Assurance Company of Boston, a Lincoln Financial Group company, is responsible for managing claims for Long Term Disability (LTD) Benefits under Arkema, Inc.'s Long Term Disability Policy. We are writing in regards to your appeal request for Mr. Alex Jones's claim for Long Term Disability (LTD) Benefits under the Policy.

We have reviewed Mr. Jones's appeal and we are maintaining the decision to deny his claim for LTD benefits beyond May 15, 2019.

**Initial Claim Decision**

Mr. Jones's last day of work at Arkema, Inc. occurred on October 28, 2018 and he submitted a disability claim for neck, leg, and back pain with reported bulging discs with a date of disability on October 29, 2018. Benefits began on April 29, 2019 after satisfying the 182-day elimination period (after Short Term Disability benefits exhausted) and were approved through May 15, 2019. Ongoing benefits were denied as the evaluation concluded that Mr. Jones was no longer disabled as defined by the Arkema, Inc.'s Long Term Disability Policy.

The basis for the denial determination was outlined in our letter to Mr. Jones dated May 18, 2019. This letter provided Mr. Jones with an opportunity to request appeal review of the denial determination, stating the reasons why he felt that his claim should not have been denied, and he was provided the opportunity to submit additional medical information in support of his claim for disability benefits. Specifically, Mr. Jones was advised to submit the following information:

> *In your request for review please include the following documentation: Any additional medical records you feel that will support your claim file including office treatment notes, test results, consultations and work restrictions. You should also provide any additional information that you feel will support your claim.*

## Appeal

You appealed the denial determination, on behalf of Mr. Jones, in a letter dated November 14, 2019, wherein you reported that Mr. Jones is in continuing need of chiropractic services and Dr. Carter Smith recommends that he continue to refrain from prolong sitting, standing, and lifting. Dr. Smith also reports Mr. Jones has pain at a six on a ten-point scale. This degree of pain would be expected to interfere with an individual's concentration, production, and pace to the extent that regular, competitive employment would not be possible. Based on Mr. Jones's treating chiropractor's assessment you requested benefits be reinstated. (Of note, in your letter you seem to have interchanged Mr. Jones name to Mr. Smith on a few occasions; it was assumed this was a typo as his chiropractor's name is Dr. Smith).

In support of Mr. Jones's claim, you submitted the following information:

- A letter from Dr. Carter Smith dated October 8, 2019.

## Appeal Evaluation

As part of the ongoing claim evaluation, a thorough review of Mr. Jones's file was completed by a Board Certified Chiropractor, to clarify the severity of his condition and current impairments that would preclude him from full-time employment.

In the report dated May 9, 2019, Dr. Jay Cohen, DC, confirmed that the primary diagnosis, supported by the medical evidence, is lumbar disc herniation. It was also noted that there was a 2.7 cm right renal cyst with back pain per the notes from March 8, 2019 which could be a possible reason for low back/flank pain. There were no comorbid diagnoses noted.

It was Dr. Cohen's assessment that Mr. Jones has reached maximum medical improvement and is not in need of ongoing chiropractic care for this condition any longer. There is a lack of significant clinical evidence to back up the disability claim as well for the timeframe being requested (beyond February 8, 2019). No further chiropractic care is required since reaching maximum medical improvement and ongoing chiropractic care would be palliative if care would continue. There is no specific chiropractic care plan or anticipated discharge date as well. It seems like the chiropractic care is ongoing without a clinical goal timeframe. Chronic conditions such as these do not respond any longer to conservative chiropractic care. If persistent pain should continue, then maybe a neuro-surgical evaluation would be appropriate.

Dr. Cohen spoke with Dr. Tanner regarding Mr. Jones's disability on May 1, 2019. During their conversation, Dr. Tanner did not have anything clinical to add. He stated that the renal cyst is not a cause for low back pain and no disability is warranted on his end.

Dr. Cohen attempted to reach Dr. Smith regarding Mr. Jones's disability on April 30, 2019 and May 1, 2019 but did not receive a return telephone call.

To provide a full and fair review of Mr. Jones's appeal, his claim was reviewed by a Board Certified Chiropractor, who was not previously involved with the claim. In the report dated December 27, 2019, Dr. Gary Ierna, DC, could not identify objective or clear functional limitations that would have prevented Mr. Jones from returning to full-duty work as of May 16, 2019. It appears Mr. Jones insidiously developed low back pain in 2018. He expressed difficulties with his activities of daily

living and his work. Mr. Jones stopped working on October 29, 2018 and has been out of work since then without documentation of clear functional limitations, co-morbidities, or complicating factors which would prevent him from safely performing his normal work activities.

Carter Smith, DC, has been treating Mr. Jones for an extended period of time, at least since 2018, however there is a lack of documented evidence that a thorough orthopedic and neurological examination of Mr. Jones has been performed. There is no evidence of lumbar radiculopathy, muscle/ motor weakness, or any functional impairment which would prevent Mr. Jones from performing his normal work activities. This is not intended to mean that performing normal work activities would be effortless and that he would be free of all symptoms however there is insufficient evidence in the medical records to support any assertion that he has been incapable of performing the material and substantial duties of his normal job.

There is also insufficient evidence in the medical records to support any assertion that Mr. Jones's health would be harmed by working his normal job. Although considerable weight is given to the opinion of the treating provider, it is also necessary that the opinion be supported to a reasonable degree by objective medical findings and this has not been provided. There is a lack of documented evidence that a thorough examination and functional evaluation of Mr. Jones was performed which demonstrated an inability to sit, stand, bend, walk, lift, push, pull, or perform any of his regular duties; thus, restrictions and limitations are not supported by the medical documentation and cannot be clinically justified.

Mr. Jones has been evaluated by Carter Smith, DC, reporting slight to moderate intermittent low back pain which was aggravated by sitting and bending. The last office note submitted by Dr. Smith was from March 21, 2019. Dr. Smith's examinations during each office visit did not include an orthopedic or neurological assessment of Mr. Jones. He reported palpatory findings which are not objective and provide no clinically meaningful insight into Mr. Jones's functional ability.

Dr. Ierna attempted to reach Dr. Smith regarding Mr. Jones's disability on December 27, 2019 and December 30, 2019 but did not receive a return telephone call. In the absence of telephonic discussion Dr. Ierna faxed Dr. Smith a letter outlining his assessment of Mr. Jones's medical records and Dr. Smith was afforded the opportunity to provide medical records and any additional documentation to support his opinion. To date, we have not received anything further from Dr. Smith.

To afford Mr. Jones's claim every consideration, on January 6, 2020, we sent you a copy of the December 27, 2019 chiropractic peer review report by Gary Ierna, DC, Board Certified Chiropractic Physician, to review and provide any comments you wished to have considered. We asked that any additional information you wished for us to consider be returned to us no later than January 26, 2020, at which time we would proceed with making a determination on Mr. Jones's appeal. To date, nothing additional has been received on Mr. Jones's claim nor have you contacted our office.

Any restrictions and limitations would depend upon the presence of sufficiently frequent and severe symptoms along with corroborating medical evidence such as physical examinations, diagnostic test results, consultation reports, etc. The medical information does not document sufficient findings that would support the need for restrictions and limitations that would preclude Mr. Jones from performing the material and substantial duties of his own occupation beyond May 15, 2019.

We maintain that the additional information does not offer sufficient medical evidence to validate functional incapacity from Mr. Jones's own occupation and that he meets the Arkema, Inc.'s Long Term Disability Policy's definition of disability.

Our role in reviewing Mr. Jones's file is to determine whether or not his medical condition and the medical documentation contained in the file supports that he is unable to perform the material and substantial duties of his own occupation. We are not required to ensure the availability of his own occupation or that he return to active employment with Arkema, Inc. in the same or alternative position.

**Conclusion**

We conducted a thorough and independent review of Mr. Jones's entire claim. In summary, we acknowledge that Mr. Jones may continue to experience some symptoms associated with his condition. However, the available information does not contain physical examinations, diagnostic test results, or other forms of medical documentation to support that Mr. Jones's symptoms are of such severity, frequency, and duration that they resulted in restrictions or limitations rendering him unable to perform the material and substantial duties of his own occupation beyond May 15, 2019.

Having carefully considered all of the information submitted in support of Mr. Jones's claim, our position remains that based on the medical information contained in the file he does not meet the definition of total disability under the terms of Arkema, Inc.'s Long Term Disability Policy and we are maintaining the decision to deny his claim for LTD benefits beyond May 15, 2019.

This claim decision reflects an evaluation of the claim facts and Policy provisions. No internal rules, guidelines, protocols, standards or other similar criteria were relied upon in rendering the claim determination.

**Policy Provisions**

In order to receive benefits, Mr. Jones must satisfy all of the requirements of the Arkema, Inc.'s Long Term Disability Policy that state, in part:

> *"**Disability**" or "**Disabled**" means:*
> 1. *For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
>    - i. *if the Covered Person is eligible for the 24 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
>    - ii. *thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*
>
> *"**Material and Substantial Duties**" means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*
>
> *"**Own Occupation**" means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this*

*policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy.*

*"**Proof**" means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*

1. *a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
2. *an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
3. *the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*

*Proof must be submitted in a form or format satisfactory to Liberty.*

***Disability Benefit***

*When Liberty receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Liberty will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Liberty Proof of continued:*

1. *Disability;*
2. *Regular Attendance of a Physician; and*
3. *Appropriate Available Treatment.*

*The Proof must be given upon Liberty's request and at the Covered Person's expense. In determining whether the Covered Person is Disabled, Liberty will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.*

***Notice and Proof of Claim***

1. *Notice*
    a. *Notice of claim must be given to Liberty within 30 days of the date of the loss on which the claim is based. If that is not possible, Liberty must be notified as soon as it is reasonably possible to do so. Such notice of claim must be received in a form or format satisfactory to Liberty.*
    b. *When written notice of claim is applicable and has been received by Liberty, the Covered Person will be sent claim forms. If the forms are not received within 15 days after written notice of claim is sent, the Covered Person can send to Liberty written Proof of claim without waiting for the forms.*
2. *Proof*
    a. *Satisfactory Proof of loss must be given to Liberty no later than 90 days after the end of the Elimination Period.*
    b. *Failure to furnish such Proof within such time shall not invalidate or reduce any claim if it was not reasonably possible to furnish such Proof within such time. Such Proof must be furnished as soon as reasonably possible, and in no event, except in the absence of legal capacity of the claimant, later than one*

*year from the time Proof is otherwise required.*

c. *Proof of continued loss, continued Disability or Partial Disability, when applicable, and Regular Attendance of a Physician must be given to Liberty within 30 days of the request for such Proof.*

*Liberty reserves the right to determine if the Covered Person's Proof of loss is satisfactory.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, Mr. Jones was entitled to appeal the decision made by Lincoln Life Assurance Company of Boston (Lincoln Financial Group), and to submit any additional information he wished to be considered as part of the appeal. Lincoln Life Assurance Company of Boston (Lincoln Financial Group) has conducted a full and fair review of Mr. Jones's appeal and accompanying materials and has concluded that the denial of benefits will be maintained.

At this time, Mr. Jones's administrative right to review has been exhausted; no further review will be conducted by Lincoln Life Assurance Company of Boston (Lincoln Financial Group) and the claim will remain closed. You/ Mr. Jones may request to receive, free of charge, copies of all documents relevant to the claim. Mr. Jones has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The Arkema, Inc.'s Long Term Disability Policy contains the below provision:

***Legal Proceedings***

*A claimant or the claimant's authorized representative cannot start any legal action:*

1. *until 60 days after Proof of claim has been given; or*
2. *more than three years after the time Proof of claim is required.*

If Mr. Jones's plan is subject to ERISA, he may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact Mr. Jones's local U.S. Department of Labor Office or his state insurance regulatory agency. In addition, once all required reviews of Mr. Jones's claim have been completed, he has the right to bring a civil action under applicable law. Mr. Jones's employer's plan has a contractual limitations period of 3 years, which means that a lawsuit must be brought within 3 years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is March 1, 2023.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Life Assurance Company of Boston (Lincoln Financial Group) rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Life Assurance Company of Boston (Lincoln Financial Group) are based on the provisions outlined in the Arkema, Inc.'s Long Term Disability Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.

If you require language translation assistance, please contact Lincoln Life Assurance Company of Boston (Lincoln Financial Group) to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįį́ł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tuLong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Janelle Paine
Appeals Consultant
Phone No.: (888) 437-7611 Ext. 41495
Secure Fax No.: (603) 334-3598