FILED
2022 Jan-26 PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALEX JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:21-cv-00948-KOB** |
| **LIBERTY LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# <u>JOINT STATUS REPORT</u>

Pursuant to the Court's Order dated November 3, 2021 (Doc 17), Plaintiff Alex Jones and Defendant Liberty Life Assurance Company of Boston submit the following Joint Status Report:

1. **Synopsis of the Case and General Claims/Defenses**. The general claims and defenses of the parties are as follows:

a. Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by his employer, Arkema, Inc. to provide long-term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant. Plaintiff worked at Arkema as a Chemical Operator until his disabilities forced him to stop working on or around October 28, 2018. Mr. Jones' medical disabilities included slipped and bulging spinal discs, severe back pain which radiates into his thighs, facet osteoarthritis, as well as diabetes and arthritis. In addition, Mr. Jones suffers from tenderness, fixation edema, and muscle spasms in his cervical and lumbar spine. Plaintiff submitted a claim for disability benefits from the plan under the insurance policy and was initially granted benefits but benefits were subsequently terminated by Defendant. Plaintiff has recently

been awarded social security benefits, but said decision came after Plaintiff received his final denial. Plaintiff alleges that termination of his benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees. Plaintiff also seeks any such other further or different relief as may be just and proper under 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(g).

b. Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Defendant properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable Plan documents. Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability. Defendant also states that its claims decision was in accordance with the Plan's provisions, legally correct, and neither arbitrary nor capricious.

2. **Current Status.**

Plaintiff's Position: After Defendant issued its final denial, Plaintiff was awarded social security benefits. During the claim process, Liberty Mutual had Mr. Jones sign its SOCIAL SECURITY/REIMBURSEMENT AGREEMENT, dated 2/18/19. The favorable decision has been discussed during settlement negotiations but Plaintiff contends Defendant has not given the award its due weight, as required by the 2018 Amendments to the Department of labor Regulations. Accordingly, Plaintiff requests that the Court remand this action to the Administrator so that it can properly consider the effect the favorable decision has upon Mr. Jones' ability to perform any occupation. Alternatively, Plaintiff would agree to mediation and if the matter is resolved then remand would be unnecessary.

Defendant's Position: Plaintiff was awarded SSDI on February 3, 2021, which was more than a year after Defendant's final decision dated January 30, 2020, upholding the denial of Plaintiff's appeal. Defendant was not aware of the SSDI award until Defendant was served with the summons of Plaintiff's Complaint in this action (the Complaint was filed on July 13, 2021). As Defendant did not have knowledge of the SSDI award until well after Defendant issued the final appeal uphold letter and after this suit was filed, it would be wholly inappropriate under Eleventh Circuit precedent to remand this case to Defendant to consider the SSDI award.

> If the arbitrary and capricious standard applies, then the Record must not be supplemented, because "the function of the court is to determine whether there was a reasonable basis for the [claims] decision, based upon the facts as known to the administrator at the time the decision was made." Glazer v. Reliance Standard Life Ins. Co., 524 F.3d 1241, 1246 (11th Cir. 2008) (emphasis added) (quoting Jett v. Blue Cross & Blue Shield of Ala., 890 F.2d 1137, 1139 (11th Cir. 1989)).
>
> Ray v. Sun Life & Health Ins. Co., 752 F. Supp. 2d 1229, 1234 (N.D. Ala. 2010).

3. **Pertinent Issues.**

a. The parties are in agreement as to the standard of review. As the relevant policy contains discretionary language, the parties agree that the standard of review is the arbitrary and capricious standard.

b. The parties are in disagreement regarding whether Defendant's decision was arbitrary and capricious based on the administrative record.

c. The parties are in agreement regarding the calculation of benefits in dispute in this matter.

4. **Prospects for Settlement.**

Plaintiff: Plaintiff does not believe this matter will resolve without mediation, unless the Defendant gives the favorable social security decision some consideration regarding Mr. Jones' ability to do any occupation. Defendant has been more than happy to take an offset for Mr. Jones' favorable award as well as a dependent benefit offset, but at this time is giving no credence to the award from a liability standpoint.

Defendant: Defendant does not believe the cost of mediation is justified for this case given the amount in dispute. In conducting settlement negotiations, Defendant has considered all aspects concerning the claim for benefits, both own occupation and any occupation. Defendant fully recognizes the existence of the SSDI award for all purposes but notes that the SSDI award is made on different evidence and under different rules and terms than the policy relevant to this action. Additionally, as Plaintiff was 55 years old at the time his SSDI award was considered, the SSA considered him of "advanced age" and applied special rules to his SSDI claim that are not applicable to decisions under the relevant policy.

Respectfully Submitted,

*/s/* Peter H. Burke
Peter H. Burke, Esq.
ASB-1992-K74P
**BURKE HARVEY LLC**
3535 Grandview Parkway
Suite 100
Birmingham, Alabama 35243
Phone: 205-930-9091
Fax: 205-930-9054
Email: pburke@burkeharvey.com

ATTORNEYS FOR PLAINTIFF

AND

/s/*Iwana Rademaekers*
**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

\- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000

1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT